[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
Defendant Denwat Corporation's ("Denwat") Motion for Summary Judgment dated September 13, 1995 is hereby granted for the following reasons:
1. This action arises out of a fire which occurred at St. John's Church, 679 Farmington Avenue, West Hartford, Connecticut, on October 10, 1992.
2. The fire is alleged to have been caused by the spontaneous combustion of certain rags soaked with a product known as Watco Danish Oil Finish. Complaint, Count 1, ¶¶ 8, 9.
3. Defendant Denwat is one of three defendants alleged to be liable for the fire and all damages resulting therefrom under the CT Page 4579 Connecticut Product Liability Act ("CPLA"), General Statutes § 52-572m et seq., on the theory that it "designed, manufactured, distributed and/or sold "the Watco Danish Oil Finish with which the rags which caught fire were soaked when they burned the church. Complaint, Count I, ¶¶ 11(a).
4. The plaintiffs have admitted, in responses to a Request for Admissions served by Denwat and at oral argument on this Motion, that they have no evidence that the Watco Danish Oil Finish which was the alleged cause this fire was manufactured sold or distributed by Denwat. To the contrary, the plaintiffs have expressly admitted that the one can of Watco Danish Oil Finish from which the substance that spontaneously combusted is known to have come was actually manufactured, distributed and sold by defendant Minwax Company, Inc. ("Minwax"). Requests for Admissions, ¶ 5.
5. To establish liability under the CPLA, the plaintiffs must prove, inter alia: (1) that the defendant was a "product seller" within the meaning of the CPLA; and (2) that the item in question was its product.
6. In view of the above-mentioned admissions, it seems evident that the Watco Danish Oil Finish in question could not have been the product of defendant Denwat. The plaintiffs, however, contend that even though Denwat did not manufacture, sell or distribute the can of Watco Danish Oil Finish from which the substance which caught fire came, the product may still be its product since it designed the original product formula for Watco Danish Oil Finish, then sold that formula to Minwax for its own use after ceasing to manufacture and sell the product itself.
7. In advancing this novel argument, which finds no support in case law or commentary, the plaintiffs rely upon the definitions of certain terms in the CPLA. Under General Statutes § 52-572n(a). a product liability claim, under the CPLA, may only be asserted against a "product seller." A "product seller," under the CPLA,
 means any person or entity including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use of consumption. The term "product seller" also includes lessors or bailors of products who are engaged in the business CT Page 4580 of leasing or bailment of products.
General Statutes § 52-572n(a). The CPLA further provides that a
 "Manufacturer" includes product sellers who design, assemble, fabricate, construct, process, package or otherwise prepare a product or component part of a product prior to its sale to a user or consumer. It concludes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer.
General Statutes § 52-572n(e).
Reading these provisions together, and focussing solely upon the word "manufacturer" in the definition of the term "product seller," the plaintiffs would have this Court conclude that any person or entity who "design[s] . . . a product or component part of a product prior to its sale to a user or consumer" is a "product seller." This, however, woefully misreads the relevant statutes for two reasons. First, it ignores the fact that all manufacturers must, by definition, be "product sellers who design . . . a product or component part of a product (emphasis added)," not just any person or entity who does so. Unless the designer of a product is a "product seller," it is not a "manufacturer" within the meaning of the CPLA.
Secondly, a "product seller" is not just any person or entity who sells a product, but one "who is engaged in the business of selling such products" — that is, one who sells such products on a regular basis. The definition does not include one-time sellers of industrial products, even if they are regularly engaged in the selling of other types of products.
Correctly understood, the CPLA excludes from its definition of a "product seller" any person or entity who makes only a one-time sale of a product design or formula, unless that person or entity is "engaged in the business of selling such [product designs or formulas]." Here, since Denwat sold the formula for Watco Danish Oil Finish on a single occasion — not as it was engaged in the business of selling such formulae, but as it was going out of the business of selling the finished product — Denwat was not a "product seller" of that formula under the CPLA.
For all of the foregoing reasons, there is no genuine issue CT Page 4581 of material fact that defendant Denwat is entitled to summary judgment on the plaintiffs' claim against it under the CPLA.